Appellant Rod Weidig appeals a judgment of the Muskingum County Common Pleas Court finding him to be a sexual predator pursuant to R.C. 2950.09:
ASSIGNMENTS OF ERRORS:
 I. R.C. 2950.09(B) AS APPLIED TO CONDUCT PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE RENDERS THE STATUTE UNCONSTITUTIONAL AS AN EX POST FACTO LAW AS PROHIBITED BY THE U.S. CONSTITUTION, ARTICLE I, SECTION 9 AND THE OHIO CONSTITUTION, ARTICLE II, SECTION 28.
 II. APPELLANT WAS DENIED FUNDAMENTAL DUE PROCESS OF LAW SINCE NEITHER HE NOR HIS COUNSEL WERE SERVED WITH WRITTEN NOTICE OF THE DATE, TIME AND LOCATION SET OF THE HEARING ON DETERMINATION OF WHETHER OR NOT THE DEFENDANT WAS A SEXUAL PREDATOR AS REQUIRED PURSUANT TO R.C. § 2950.09.
 III. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S ACTS OR OMISSION IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT ERRED IN MAKING ITS FINDING THAT THE DEFENDANT/APPELLANT, ROD WEIDIG, WAS A SEXUAL PREDATOR.
 V. R.C. 2950.09(B) IS UNCONSTITUTIONALLY VAGUE THUS DENYING THOSE FACING ITS APPLICATION DUE PROCESS OF LAW.
 VI. THE TRIAL COURT ERRED IN CONSIDERING HEARSAY EVIDENCE IN VIOLATION OF RULE OF EVIDENCE 101 DURING THE SEXUAL PREDATOR HEARING.
In March of 1997, the Muskingum County Grand Jury indicted appellant on one count of Gross Sexual Imposition (R.C.2907.06(A)(4)), and two counts of Endangering Children (R.C.2919.22(B)(5)). On May 28, 1997, appellant pled guilty to all counts in the indictment.
On July 7, 1997, the court held a hearing pursuant to R.C.2950.09(B) to determine whether appellant was a sexual predator. Following the evidentiary hearing, the court concluded that appellant was a sexual predator. The court thereafter sentenced appellant to sixty days incarceration for Gross Sexual Imposition, and five years incarceration on each count of Endangering Children, to be served concurrently.
 I.
Appellant argues that R.C. 2950.09 is unconstitutional, as it violates the ex post facto and retroactivity clauses of the United States and Ohio Constitutions. The Assignment of Error is overruled on the authority of State vs. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
 II.
Appellant argues that he was not provided with written notice of the sexual predator hearing.
R.C. 2950.09(B)(1) provides that the court shall give the offender and the prosecutor notice of the date, time, and location of the hearing.
The record does not reflect how notice of the sexual predator hearing was served on appellant or his counsel. However, the transcript of the hearing does not reflect that appellant or counsel objected to the hearing going forward on the basis of lack of notice. Further, it is apparent from the transcript that counsel was prepared to go forward with the sexual predator hearing. Although counsel did not present any witnesses, he did cross-examine the witnesses of the State. Further, he requested that the court consider the brief he had submitted to the court concerning the issue. Therefore, it is clear from the hearing that appellant had received notice of the time, date, and location of the hearing, as he was present and participated in the hearing.
The second Assignment of Error is overruled.
 III.
Appellant argues that counsel was ineffective for: (1) failing to challenge the statute on constitutional grounds, (2) failing to object to hearsay admitted at the sexual predator hearing, and (3) failing to object to the lack of notice of the hearing.
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland vs.Washington (1984), 466 U.S. 668; State vs. Bradley (1989),42 Ohio St.3d 136, cert. denied, 497 U.S. 1011.
For the reasons stated in Assignment of Error I., counsel was not ineffective for failing to challenge the statute on constitutional grounds, as the statute has been found to be constitutional by the Ohio Supreme Court.
Counsel was not ineffective for failing to object to hearsay presented at the sexual predator hearing. A sexual predator determination hearing is similar to sentencing or probation hearings, where it is well settled that the Rules of Evidence do not strictly apply. Cook, 83 Ohio St.3d at 425. Therefore, hearsay may be admitted at the sexual predator determination hearing. Id. Counsel was, therefore, not ineffective for failing to object to hearsay admitted at the hearing.
Counsel was not ineffective for failing to object to lack of notice of the hearing for the reasons stated in Assignment of Error II. above. It is apparent that counsel, appellant, and the prosecutor all understood that they were present for a sexual predator determination hearing, and counsel actively participated in the hearing on appellant's behalf.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the court erred in finding him to be a sexual predator.
A sexual predator is a person who has been convicted of committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E). In making this determination, the court is to consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting.
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The record reflects that appellant was thirty-five years old when the criminal activity occurred. The case involved three victims: two thirteen-year-olds, and appellant's fourteen-year-old step-daughter. In December of 1996, appellant gave his fourteen-year-old step-daughter $13 to allow him to view and touch her bare breasts. He also paid his step-daughter and two of her thirteen-year-old friends to take off their clothes and swim in a pond next to the house. Appellant watched them swim nude, and also disrobed and went into the water with the girls. Further, appellant paid his step-daughter to take a nude photograph of herself and give it to him. The court's finding that appellant is a sexual predator is not against the manifest weight of the evidence.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the sexual predator statute is unconstitutionally vague. This Assignment of Error is overruled on the authority of State vs. Albaugh (February 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported.
 VI.
Appellant argues that the court erred in admitting hearsay evidence at the sexual predator hearing. As discussed in Assignment of Error III. above, the Rules of Evidence do not strictly apply in sexual predator hearings. Cook, supra, at 425. Therefore, reliable hearsay may be admitted in a sexual predator hearing. Id.
In the instant case, evidence was admitted that additional allegations concerning sexual abuse of an older daughter of appellant's wife had recently been brought to the attention of the case worker involved with the case. Appellant's wife also alluded to the possibility of a prior incident in Tucson, Arizona, involving babysitters, which was brought to her attention by appellant's ex-wife. While the reliability of the allegations in Tucson is somewhat questionable, appellant did not object. We cannot find that the admission of this evidence constituted plain error. Counsel for appellant was given an opportunity to cross-examine the witnesses concerning these statements, and there is nothing in the record to reflect that the court relied in any way on this evidence in making the sexual predator determination.
The sixth Assignment of Error is overruled.
The judgment of the Muskingum County Common Pleas Court is affirmed.
By: Reader, V.J., Wise, P. J. and Gwin, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs to Appellant.
-----------------------
-----------------------
 ----------------------- JUDGES